UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| TODD S. SCOTT, | ) | No. 05 B 10001 |
| | ) | |
| Debtor. | ) | Judge Goldgar |

## MEMORANDUM OPINION

This matter is before the court on the applications for compensation of Andrew J. Maxwell in his capacity as chapter 7 trustee of the bankruptcy estate of debtor Todd Scott and as counsel for the trustee. Scott opposes both applications. For the reasons that follow, the applications are granted in part and denied in part.

### 1. Background

Maxwell and Scott differ over some of the facts, but the differences are mostly matters of characterization. The basic facts are undisputed. Scott filed his chapter 7 petition on March 19, 2005. One of the assets Scott listed on his Schedule A was real property located at 6601 N. Ashland in Chicago. After some investigation, Maxwell concluded that the property was worth more than the value Scott listed in his schedules, that there was equity in the property, and that the estate would benefit from its sale.

Maxwell initially tried to negotiate a resolution with Scott himself under which Scott would retain the property by purchasing the equity from the estate. Meanwhile, as those negotiations proceeded, Maxwell sought and received permission from the court in early July to employ counsel, then in mid-August sought and received permission from the court to employ a real estate broker. The negotiations with Scott ultimately foundered. Unable to reach an

agreement, Maxwell told the broker to proceed with efforts to sell the property. On August 30, Maxwell filed an "initial report of assets" with the court.

That same day, Scott moved to convert his case to a case under chapter 13 pursuant to 11 U.S.C. § 706(a). Maxwell opposed the motion for conversion, and the parties briefed the issue, but given the court's view that a debtor has an absolute right to convert from chapter 7 to chapter 13, *see In re Hansen*, 316 B.R. 505, 507 (Bankr. N.D. Ill. 2004), the outcome was virtually foreordained. The motion was granted on September 28, 2005.

Maxwell has now applied for compensation in the chapter 13 case for his work both as chapter 7 trustee and as counsel to the trustee. As trustee, Maxwell seeks $7,954 in fees – not under section 326(a) of the Code, 11 U.S.C. § 326(a), but under section 330(a), 11 U.S.C. § 330(a). As counsel, Maxwell seeks $17,706.50 in fees and $566.48 in expenses. Attorney's fees are sought for work in the following general areas:

| | |
|---|---|
| Employment of counsel and real estate broker | $ 1,593.00 |
| Sale of real estate | $ 3,218.00 |
| Conversion from chapter 7 to chapter 13 | $12,825.50 |

Scott opposes both applications. He argues that section 326(a) governs Maxwell's compensation, and under that section Maxwell is entitled to nothing. Scott is only slightly less adamant on the question of Maxwell's compensation as counsel. He acknowledges that section 330(a) applies to attorney's fees, but he argues that most of the work for which Maxwell seeks compensation as counsel was really trustee work (and so not compensable), and that the fees for the remaining work, the work relating to Scott's conversion motion, are excessive. All told, Scott would have the court award Maxwell a total of just $1,247.50.

## 2. Discussion

### a. Trustee's Compensation

Courts disagree about whether compensation is available to a chapter 7 trustee after a case has been converted to chapter 13. Even if the amount requested would be considered reasonable under section 330(a), some courts refuse to authorize it. *See, e.g., In re Silvus*, 329 B.R. 193, 214 (Bankr. E.D. Va. 2005); *In re Murphy*, 272 B.R. 483, 485-486 (Bankr. D. Colo. 2002); *In re Fischer*, 210 B.R. 467, 469 (Bankr. D. Minn. 1997). These courts base their decisions on the plain language of section 326(a), which limits trustee compensation to a percentage of the funds distributed to creditors: because no property is distributed in a converted case, the courts reason, no compensation can be awarded. That a debtor may convert the case short of final administration is simply a risk a chapter 7 trustee runs – no different from the risk that case will be dismissed. *See Fischer*, 210 B.R. at 469.

The problem with invoking the "plain language" of section 326(a) to limit the chapter 7 trustee's compensation following conversion is that the plain language of that section only sets guidelines for the compensation the court can award to a trustee "[i]n a case under chapter 7." 11 U.S.C. § 326(a). Once the case is converted to chapter 13, though, the case is no longer a "case under chapter 7." It is a case under chapter 13. Section 326(a) limits compensation to the trustee in a chapter 7 case, true enough, but the provision becomes irrelevant once the case is converted. *In re Colburn*, 231 B.R. 778, 782 (Bankr. D. Or. 1999) (holding that in cases converted from chapter 7 to chapter 13, "by its terms, read literally, § 326(a) simply does not apply to preclude trustee compensation").

The correct view, and the view most courts hold, *see In re Main Realty & Mgmt., LLC,*

277 B.R. 1, 4 (D. Conn. 2002), is that a chapter 7 trustee is entitled to reasonable compensation post-conversion for his pre-conversion services, either explicitly under section 330(a), *see e.g., Colburn*, 231 B.R. at 782; *In re Collins*, 210 B.R. 538, 540 (Bankr. N.D. Ohio 1997), or on a quantum meruit basis, *see, e.g., In re Moore*, 235 B.R. 414, 416-17 (Bankr. W.D. Ky. 1999); *In re Washington*, 232 B.R. 814, 816 (Bankr. S.D. Fla. 1999); *In re Wells*, 87 B.R. 732, 736 n.3 (Bankr. N.D. Ga. 1988).[1] This view also makes sense as a matter of bankruptcy policy. It is "unacceptable and unwarranted to penalize hard-working interim trustees whose services have contributed to the administration of the bankruptcy estate," *Rodriguez*, 240 B.R. at 915, especially when the case was converted to prevent the trustee from locating, identifying or administering assets, *see Washington*, 232 B.R. at 817; *Wells*, 87 B.R. at 736 n.3.

There is little question here that Scott converted his case to prevent Maxwell from administering an asset. Through his investigation, Maxwell determined that the Ashland property had equity that could be liquidated for the benefit of Scott's creditors. Scott was content to let the case remain in chapter 7 as long as Maxwell was negotiating with him about selling him the equity in the property. As soon as talks broke down, however, and Maxwell began moving toward a sale, Scott sought to convert to chapter 13, blocking Maxwell's efforts. The pattern is a common one. *See Hages*, 252 B.R. at 793 (noting that debtors often convert to chapter 13 "because the chapter 7 trustee has either uncovered assets that otherwise would not be available to creditors or taken some action adverse to the debtor"). Under these circumstances, Maxwell

---

[1] Some courts refer only to quantum meruit and do not mention section 330(a) as a basis for compensation. But compensation on a quantum meruit basis "is essentially what section 330 mandates." *In re Rodriguez*, 240 B.R. 912, 914 (Bankr. D. Colo. 1999). Quantum meruit alone "cannot supply a basis to award fees where the Bankruptcy Code does not otherwise permit them." *In re Hages*, 252 B.R. 789, 799 n.9 (Bankr. N.D. Cal. 2000).

should plainly be compensated for his pre-conversion work.

Maxwell is not entitled to compensation, however, for work done post-conversion. This is so because section 348(e) terminates the services of the trustee and divests him of authority to act for the estate once the case is converted. *In re Barnes*, 275 B.R. 889, 894-95 (Bankr. E.D. Cal. 2002); *Wells*, 87 B.R. at 737; *In re Rakosi*, 99 B.R. 47, 50 (Bankr. S.D. Cal. 1989); *see also Cable v. Ivy Tech St. College*, 200 F.3d 467, 474 (7th Cir. 1999) (commenting that on conversion to chapter 13, the chapter 7 trustee becomes "just another creditor with standing to recover fees from the estate, but without standing to act on behalf of the estate, either to challenge the conversion or for any other purpose . . ."). After conversion, the former chapter 7 trustee acts for the estate only as a volunteer. *Wells*, 87 B.R. at 737; *Rakosi*, 99 B.R. at 50.

Here, Maxwell seeks $7,954, $1,151 of which is for work done post-conversion. That leaves $6,803 as pre-conversion fees, an amount the court finds reasonable given the work performed, the hourly rates, and the time invested in the case. Maxwell will be awarded $6,803 as compensation for his work as chapter 7 trustee, the amount to be paid as an administrative expense in Scott's chapter 13 plan. *See* 11 U.S.C. § 1322(a)(2); *Collins*, 210 B.R. at 540.

### b. Attorney's Compensation

Compensation of a chapter 7 trustee's counsel is less controversial than compensation for the trustee because the section 326(a) controversy does not enter into it. *See Colburn*, 231 B.R. at 786. As Scott readily concedes, section 330(a) governs the compensation of counsel. *See In re Kuhn*, No. 04-62392-JPK, 2006 WL 257234, at *4 (Bankr. N.D. Ind. Feb. 3, 2006) (calling the right of trustee's counsel to reasonable compensation following conversion "beyond question").

Even without that controversy, however, the fees and expenses Maxwell requests as

counsel must be reduced for two reasons. First, counsel for the trustee – who after all is simply the trustee's agent – is no more entitled than the trustee himself to compensation for work done after the case is converted to chapter 13. *Rakosi*, 99 B.R. at 49-50; *Wells*, 87 B.R. at 737. Here, $1,475.50 of the $17,706.50 Maxwell requests as fees and $224.56 of the $566.48 he requests as costs are for the post-conversion period. At most, then, Maxwell would be entitled to $16,231 in fees and $341.92 in costs – the balance once the post-conversion amounts are subtracted.

Second, Scott correctly complains that the $12,825.50 portion of the fee Maxwell requests as compensation for opposing the motion to convert is excessive. The point is not, as Scott contends, that the section 706(a) question is non-controversial, that "anybody who has read § 706" should know debtors have an absolute right to convert from chapter 7 to chapter 13. On the contrary, the division among courts on the subject is deep, and some of the most recent cases find no such right. *See, e.g., In re Marrama*, 430 F.3d 474, 481 (1st Cir. 2005); *In re Copper*, 426 F.3d 810, 817 (6th Cir. 2005) (noting, however, that "fair arguments can be made for either position"). The point, rather, is that Maxwell's opposition to the motion was largely futile in light of this court's decision in *Hansen*.

Given the authority on his side, Maxwell was entitled to take a stab at changing the court's view. Given his limited prospects for success, though, he should not have spent almost $13,000 taking it. Instead of $12,825.50, a fee of $3,375 – 9 hours at Maxwell's own $375 hourly rate – is reasonable. Maxwell will be awarded a total of $8,186 in fees and $341.92 in costs for his work as counsel to the trustee, the amount to be paid as an administrative expense.[2]

---

[2] In light of the court's conclusion that Maxwell can be compensated as trustee under section 330(a), there is no need to address Scott's remaining contention that some of Maxwell's work as counsel was actually performed in his capacity as trustee. That contention could have affected Maxwell's overall compensation only if the court had found Maxwell

### 3. Conclusion

For these reasons, the applications of Andrew J. Maxwell for compensation are granted in part and denied in part. Maxwell is awarded trustee's fees of $6,803 and attorney's fees and costs of $8,186 and $341.92, respectively. These amounts are to be paid as an administrative expense. In all other respects, the applications are denied.

A separate order will be entered in accordance with this opinion.

Dated: March 7, 2006

ENTER: _____
A. Benjamin Goldgar
United States Bankruptcy Judge

---

entitled to no compensation for trustee work: every hour moved from the counsel column to the trustee column would have meant an hour for which Maxwell could not be paid. As things stand, however, a finding that Maxwell was acting as trustee rather than as counsel would merely alter the category into which the work fell, not the amount of Maxwell's award.